**BURROUGHS et, Plaintiffs, v. RAYMOND et, Defendants.**

Probate Court, Summit County.

No. 18163.   Decided June 29, 1951.

Buckingham, Doolittle & Burroughs, Akron, for plaintiff.

Ralph Burroughs, Wade DeWoody, Jay L. Mennell, Herberich, Rowley & Taylor, J. Perry Teeple, Walker, Alpeter, Reed & Diefenbach, Akron, for defendants.

## OPINION

By ZURZ, J.

This matter comes before the Court upon the petition of Rosamond Dersey Weller and Edmund Burroughs, co-executors of the estate of Mae Dersey Johnson, for instructions of the Court as to the proper distribution of the residue of said estate.

The decedent, Mae Dersey Johnson, died testate on March 23, 1949, survived by her husband, William A. Johnson and a daughter, Marilyn Rosamand Johnson, a minor of the age of 17.

The estate of the decedent, as shown by the inventory filed in this Court, consisted of personal property of the value of $2910.00 and real estate, the residence property of the decedent, of the value of $31,000.00. The appraisers set off to William A. Johnson, the widower, the sum of $2,500.00 payable in money as property exempt from administration under §10509-54 GC. Thereafter, William A. Johnson selected as exempt property under said section, the 1941 Buick Sedan automobile belonging to decedent's estate, appraised at $500.00, reducing the amount of exemption payable to him in money to $2000.00.

By the decedent's Will, most of her personal property was specifically bequeathed, and as to her real estate, which was comprised solely of the residence property at 169 Dorchester Road, in Akron, Ohio, one-half was devised to her daughter, Marilyn Rosamond Johnson, and all the rest and residue of her estate was devised to her husband, William A. Johnson.

In order to follow the maze of events hereinafter set forth, it might be well to state at the outset that the controversy herein does not arise by reason of any claim of creditors or indebtedness of the decedent, Mae Dersey Johnson, against her estate but arises because of claims of creditors of William

A. Johnson, the surviving spouse and residuary devisee under decedent's Will. It is here sought to be determined the respective rights of his creditors in the $2000.00 balance of property exempt from administration due William A. Johnson under §10509-54 GC, and the residue of the estate passing to him as residuary devisee.

The said William A. Johnson was indebted to Golda Stout in the amount of $2085.00, plus interest for money loaned to him during the year 1939 as evidenced by five promissory notes. On August 9, 1949, William A. Johnson assigned to Golda Stout the sum of $2,693.57 with interest at 3% per annum from July 1, 1949, in settlement of said indebtedness payable "out of my interest and share in the estate of my deceased wife, Mae Dersey Johnson," and instructed the executors of said estate to pay said amount to Ralph Burroughs as escrow agent for Golda Stout. Subsequently thereto, on November 8, 1949, William A. Johnson made an assignment specifically assigning to Golda Stout "all my interest and share in the property and estate of my deceased wife, Mae Dersey Johnson, including my share and interest by way of property exempted to me from administration," together with instructions to the executors to pay same to Ralph Burroughs, as escrow agent. The first of these assignments was served upon Edmund Burroughs, as Executor, on August 10, 1949, and the latter assignment on November 8, 1949.

The executors of the within estate, in order to satisfy an existing mortgage on decedent's real estate and to provide funds for payment of other debts against decedent's estate, sold the residence property of decedent at 169 Dorchester Road, Akron, Ohio, under a power of sale in decedent's Will, to Robert A. Breckenridge and Zella E. Breckenridge on November 25, 1949 for $27,500.00.

The above real estate was registered land evidenced by Registered Land Certificate No. 8069 in the Recorder's Office of Summit County, Ohio, and on November 25, 1949, the above grantees commenced an action in this Probate Court for the registration of said real estate in their names as grantees, said action being Case No. 17906.

The National City Bank of Cleveland, John G. Raymond, Central National Bank of Cleveland, Oral S. Pflug and T. J. Seibert, Inc., were parties defendant to said action to register title for the reason that said parties were judgment creditors of William A. Johnson and have caused to be recorded upon the registered title certificate in the office of the County Recorder of Summit County, Ohio, their respective judgment liens. The amounts and dates of recording said judgment liens are as follows:

The National City Bank of Cleveland, $870.80 lien recorded on title certificate July 14, 1949.

J. G. Raymond, $1373.38 lien recorded on title certificate November 8, 1949.

Central National Bank of Cleveland, $238.00 lien recorded on title certificate December 14, 1949.

Oral S. Pflug, $846.94 lien recorded on title certificate February 15, 1950.

T. J. Seibert, Inc., $118.83 lien recorded on title certificate March 25, 1950.

The Court in said action to register title did, on April 1, 1950, order the title to said real estate registered in the names of the grantee, Robert A. Breckenridge and Zella E. Breckenridge, said title not to bear thereon the lien memorials of the aforesaid judgment creditors of William A. Johnson, to-wit: The National City Bank of Cleveland, J. G. Raymond, Central National Bank, Oral S. Pflug and T. J. Seibert, Inc., but said order was made without prejudice to their rights, if any, against the fund received from the sale of said real estate, said rights and priorities to be determined in a further proceeding. in the event funds remained for distribution to William A. Johnson.

John G. Raymond and The National City Bank of Cleveland began separate actions in the Court of Common Pleas of Summit County, Ohio, in the nature of a creditor's bill against William A. Johnson and the executors of the within estate for the purpose of sequestering toward their judgments any assets due William A. Johnson from the estate of the decedent, Mae Dersey Johnson. The first of these suits was filed by John G. Raymond on December 1, 1949, case No. 174052, wherein service of Summons was completed upon Edmund Burroughs, executor of the within estate, on December 5, 1949. The second suit was filed by The National City Bank of Cleveland on July 1, 1950, case No. 176603, wherein the said Edmund Burroughs, as executor as aforesaid, was served with summons on July 7, 1950. Both of these actions are pending in said Court.

The first question to be determined is, should Golda Stout by virtue of her assignments from William A. Johnson prevail over his judgment lien holders as to the $2000.00, the balance due him as surviving spouse under §10509-54 GC as property exempt from administration.

Sec. 10509-54 GC provides as follows:

"When a person dies leaving a surviving spouse, * * *, the following property if selected as hereinafter provided, shall not be deemed assets or administered as such, but must be included and stated in the inventory of the estate * * * (list

of items named), to be selected by such surviving spouse
* * *, not exceeding in value twenty percentum of the appraised value of the property, real and personal, comprised in the inventory, but in no event is the value of the property not deemed assets to be more than twenty-five hundred dollars, if there be a surviving spouse, * * * nor less than five hundred dollars * * * if there be so much comprised in the inventory and selected as herein provided; or, if the personal property so selected be or less value than the total amount which may be selected as herein provided, then such surviving spouse, * * * shall receive such sum of money as shall equal the difference between the value of the personal property so elected and such amount, and such sum of money shall be a charge on all property, real and personal, belonging to the estate, prior to the claims of all unsecured creditors of the deceased or of the estate."

This section of the code was enacted in 1931 and became effective on January 1, 1932. Since then it has come before the Ohio Supreme Court for judicial interpretation on several occasions. In **Davidson v. Miners Savings and Trust Company, Exr., 129 Oh St 418,** the widow of the decedent elected to take against the will and the question was raised therein whether the widow's year's allowance and the allowance given her under §10509-54 GC were deductible before determining the widow's share of the estate under the statute of descent and distribution. The Court in holding that these two allowances were deductible first, declared:

"Of course, the argument of plaintiff in error that the widow can take a maximum of not more than one-half of the estate inclusive of her year's allowance and the allowance under §10509-54 GC, is without merit. These allowances, in the order mentioned are a debt and preferred claim, respectively, against her deceased husband's entire estate, deductible therefrom before determination of the share of the estate to be taken under the 'statute of descent and distribution.' "

In **Stetson v. Hoyt, 139 Oh St 345,** the court, relative to §10509-54 GC, said: (page 349)

"The allowance provided by the statute in question in excess of the value of the specific personal property actually selected constitutes an obligation in the nature of a debt due from the estate to the surviving spouse which has a preferred status as to payment as against all unsecured creditors of the estate of the deceased spouse."

The Supreme Court in **Raleigh v. Raleigh, 153 Oh St 160,** held that the balance of the property exempt from administration payable in money under §10509-54 GC if not paid during

the lifetime of the surviving spouse, passes to his estate at his death. Judge Stewart said: (page 173)

"If a widow has made a selection of only trifling property and dies, and a balance of over $2000.00 has neither been selected by her nor paid her, and that balance constitutes a debt or preferred claim to which her estate is entitled, it logically follows that the entire claim is in the nature of a debt and constitutes a preferred claim, and if the one who is entitled to make the claim is prevented from doing so by his death, his estate is entitled to an allowance of money in lieu thereof."

All of the foregoing cases were cited with approval in the most recent pronouncement of the Supreme Court, **In re Croke, 155 Oh St 434** decided May 23, 1951.

It is clear then by the foregoing decisions that the excess of the value of the specific property selected and payable in money under said §10509-54 GC constitutes a debt and a preferred claim upon all of the assets of the estate. The relationship between the estate and the surviving spouse is that of a debtor and a creditor, with a preferred status over all unsecured creditors of the estate. That portion of the exemption payable in money is in the nature of a chose in action belonging to the surviving spouse and as such it is the opinion of the Court that it is personalty rather than real estate. It is the finding of the Court that said exemption being personal property in character it is not subject to the judgment liens notated by the judgment creditors upon the registered land title certificate as aforesaid.

It is true that by the statute this preferred claim is made a charge not only on the personal property but on the real estate as well and is a lien thereon to that extent. However, the means given by the legislature to enforce the collection of this claim cannot change its character from personalty to real estate.

The argument is advanced by the judgment lienholders of the surviving spouse that their liens should attach to the $2000.00 exempt property for the reason that same must be paid from the proceeds of the sale of the real estate. The Court is not persuaded by this argument for the reason not only that this claim is personal property and not affected by the judgment liens upon the real estate title certificate but still further, William A. Johnson, as surviving spouse, is not relegated to the fund from the sale of the real estate for payment of his claim but by virtue of the statute itself has recourse against the personal property in the estate as well, which in the within instance exceeds the amount of his claim of $2000.00.

The Court finds from the evidence that the assignments from William A. Johnson to Golda Stout were made for a valuable consideration in settlement of an existing obligation. Whether or not the general assignment of August 9, 1949 would be sufficient to transfer the exempt property claim of $2000.00 it will not be necessary for this Court to decide for the assignment of November 8, 1949 assigned the said claim specifically to Golda Stout and the Court finds that said specific assignment constitutes a valid transfer of his claim for that portion of his exempt property payable in money.

The two suits filed in Common Pleas Court in the nature of creditor bills by John G. Raymond and the National City Bank of Cleveland would have been proper procedure to reach the exempt property claim of William A. Johnson had same been commenced more timely. However, these suits were not commenced until December 1, 1949 and July 1, 1950 respectively, both subsequent to the specific assignment to Golda Stout on November 8, 1949 of which assignment Edmund Burroughs as executor was duly notified on the same date and hence the doctrine of lis pendens would not affect the prior right of Golda Stout under her assignment of earlier date.

In accordance with the foregoing, the Court finds that Golda Stout by virtue of her specific assignment on November 8, 1949 from William A. Johnson is entitled to the $2000.00, the balance of the property exempt from administration under §10509-54 GC.

The evidence is indicative that after the payment of the balance due as exempt property, the debts and costs of administration, a small amount will remain for distribution to the residuary devisees, Marilyn Rosamond Johnson and William A. Johnson. The further question must be determined as to the respective rights and priorities of Golda Stout by virtue of her assignment and the judgment creditors of William A. Johnson whose liens have been noted upon the registered land title as aforesaid in the residuary estate passing to William A. Johnson.

In Ohio the real estate of the decedent passes directly to the heirs if decedent dies intestate, or to the devisees when disposed of by will. Unlike personalty, the personal representative has nothing to do with the real estate of decedent and cannot sell same except when the will gives the executor power of sale thereof or where the personalty is not sufficient to pay the debts of the decedent in which case statutory authority for its sale is given under §10510-2 GC.

The Supreme Court in a case decided at the turn of the century in 1901 and incidentally originating in the Summit County Probate Court, **Carr, Guardian v. Hull, 65 Oh St 394**

stated the rights of an administrator in this fashion: (page 397)

"In this state, as in most of the states of the Union where the principles of the common law prevail, the personalty of a decedent who dies intestate, passes to his administrator, who takes it in trust for the payment of the debts of the decedent and the distribution of the remainder among his next of kin; whilst his realty passes directly to his heirs as an estate of inheritance, subject, however, to a liability for the payment of his debts, if the personalty proves insufficient. But as the administrator has no title to the lands, the liability can only be enforced by a proper proceeding instituted by him for a sale of the lands, or so much thereof as may be necessary, for the express purpose of paying debts of the decedent."

Upon the death of the decedent herein, Mae Dersey Johnson, the title to her real estate passed directly to the devisees named in her will of whom William A. Johnson was one. The title to decedent's real estate vested immediately at her death in the devisees named in her will subject to a liability for the payment of decedent's debts in the event the personal property proved insufficient. It was to this vested interest of William A. Johnson as a devisee in the real estate of the decedent herein that his judgment creditors directed their liens by causing same to be recorded upon the registered title certificates of decedent's real estate in the office of the Summit County Recorder as aforesaid and in the opinion of this Court became a valid lien thereon subject only to the liability of decedent's debts as aforesaid.

The executors of the estate, having determined that the personal property was insufficient to pay the debts of the estate, sold the real estate under the power of sale contained in the will. Counsel for Golda Stout contends that by the exercise of this power of sale an equitable conversion occurred changing the real estate to personalty and accordingly the judgment liens would be unavailing against the proceeds.

The power of sale is contained in the Codicil to the Will of the decedent in these words,

"* * * I do hereby nominate and appoint Rosamond D. Weller and Edmund Burroughs, or the survivor thereof, Executors of my said last Will and Testament in place and stead of Edward Weller, with full power and authority to sell and convey, lease or mortgage real estate * * *"

This is not a mandatory power of sale directing the executors to sell the real estate to accomplish a specific purpose which may occasion an equitable conversion but is an ordinary power of sale given to the executors to facilitate the prompt admin-

istration of the estate. The exercise of this power, in the opinion of the court, did not result in an equitable conversion of the real estate to personalty.

**Pence v. Pence, 11 Oh St 290** is cited by counsel for Golda Stout in support of his contention that an equitable conversion resulted from the sale. The court after a study of this case cannot agree that this decision supports counsel's position. The decedent therein died intestate possessed of real estate leaving his widow and brothers and sisters. Thereafter a posthumous child was born who was the only lineal heir of decedent to whom the decedent's real estate descended. The administrator petitioned the probate court for authority to sell the real estate to pay debts which was granted and the land sold. Before distribution of the proceeds of the land sale the posthumous child died. Under Ohio law as it existed at that time personal property and real estate of a decedent passed in different fashion so it became important for the court to determine the character of the proceeds belonging to the estate of the posthumous child. If personalty it would belong to the child's mother, if real estate it would belong to the brothers and sisters of the first decedent, the child's father. The statute at that time provided, as set forth in the opinion at page 294:

"In all cases of a sale by an executor or administrator of part or the whole of the real estate of the deceased, under an order of court, whether such executor or administrator shall have been appointed in this State or elsewhere, the surplus of the proceeds of the sale, remaining on the final settlement of the account, shall be considered as real estate and shall be disposed of accordingly."

The court held that the surplus proceeds from the land sale passed to the heir, the posthumous child, as real estate, but upon the death of the child before distribution of same to him said proceeds were personalty in the child's estate and passed to the mother of the child as such. In order words the effect would be the same if the child had lived to receive distribution, the distribution would have been made to the child as real estate but once in his hands it would be personalty, and since his death intervened before distribution it would be distributed to the child's estate as real estate and would then be personalty in the child's estate and distributed to his heirs accordingly.

The court at page 295 of its opinion said:

"And on sale of the lands the statute applied to the proceeds; and so after the assignment of dower in solido, and the payment of the debts therefrom, the surplus of the proceeds of

the sale, as to the heir, was considered as real estate, and was disposed of accordingly; giving the title to the same to the child, the heir, alone the same as if it had been a residue of the land unappropriated in such settlement of the estate."

To the same effect in **Kling v. Bordner 65 Oh St 98** which held that the surplus proceeds from the sale of real estate to pay debts is real estate and not personal property and goes by descent to the heirs.

**Sec. 10510-46 GC** relating to the distribution of money received from the sale of real estate provides as follows:

"* * * 3. (c) whether such executor or administrator was appointed in this state or elsewhere, the surplus of the proceeds of sale must be considered as real estate and be disposed of accordingly. * * *"

It would be an anomalous situation, indeed, if a different result than that indicated by the above statute would occur where instead of a land sale proceeding in probate court a sale of land is made by virtue of a power of sale contained in the will. To give legal sanction to such a result would give the executor an election whereby the method he selected would bring about two different results. If he chose to bring a land sale by petition in probate court the surplus proceeds would be real estate but if he chose to exercise the power of sale in the will, the surplus proceeds, according to the contention of Golda Stout, would be personalty. Such a position is untenable.

A further observation may be made to the effect that had the assets of the within estate been such that a sale of the real estate would not have been necessary to pay debts, there is no question that the liens of the judgment creditors would have attached to said real estate by virtue of the recording of their memorials upon the registered land title. Certainly the fact that it became necessary to exercise the power of sale to pay debts of the decedent should not bring about a result that would defeat the rights of the lienholders to any residue that the judgment debtor William A. Johnson might be entitled to.

It has been contended by Golda Stout, assignee, that the judgment creditors have failed in certain respects to fully comply with the statutory requirements as to filing liens upon the registered land title certificate. The court finds that there has been a substantial compliance with the statutory requirements as to all of the lienholders and finds that such judgment lienholders have a prior right to any residue payable to William A. Johnson as residuary devisee under the will of the decedent herein by virtue of their recorded liens upon the

registered land title as against the unrecorded assignments of Golda Stout.

Accordingly it is the finding of this court that any surplus proceeds resulting from the land sale proceedings payable to William A. Johnson as residuary devisee shall be applied toward payment of the liens of the judgment creditors in the following order of priority, to-wit:

First, The National Bank of Cleveland, Ohio
Second, John G. Raymond
Third, Central National Bank of Cleveland
Fourth, Oral S. Pflug
Fifth, R. J. Seibert, Inc.

In the event there is sufficient proceeds to pay the foregoing in their respective order, any surplus thereafter shall be applied toward the payment of the balance due upon the assignments of Golda Stout.

An order may be drawn accordingly.